UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **CHRISTOPHER FISK** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE:** |
| **JAYSON RICHARDSON,** in his individual and official capacity as Sheriff of Desoto Parish **,** | **MAG. JUDGE:** |
| **WILLIAM BATES** individually and in his official capacity as Deputy of Desoto Parish**,** **KELBY PEARAH** individually and in his official capacity as Deputy of Desoto Parish**,** **RUSS JONES** individually and in his official capacity as Deputy of Desoto Parish, **Sgt. PHILLIP PARKER** individually and in his official capacity as Sargent of Desoto Parish | **JURY DEMANDED** |

---

**COMPLAINT FOR DAMAGES**

---

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF LOUISIANA, SHREVEPORT DIVISION

**INTRODUCTION**

This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the laws of Louisiana against SHERIFF JAYSON RICHARDSON in his individual and official capacity as Sheriff of Desoto Parish, WILLIAM BATES individually and in his official capacity as Deputy of

Desoto Parish, KELBY PEARAH individually and in his official capacity as Deputy of Desoto Parish, RUSS JONES individually and in his official capacity as Deputy of Desoto Parish, Sgt. PHILLIP PARKER individually and in his official capacity as Sargent of Desoto Parish.

## JURISDICTION

1.

Jurisdiction is founded on 28 U.S.C. § 1331. The plaintiff further invokes jurisdiction of this Honorable Court, under 28 U.S.C. § 1367 to adjudicate claims arising under the Laws of the State of Louisiana including but not limited to Article 2315, et seq, of the Louisiana Civil Code.

## VENUE

2.

Venue lies in this Court under 28 USC § 1391(b) (2), as the events giving rise to this claim occurred within this judicial district.

## PARTIES

3.

Christopher Fisk, a person of the full age of majority and a resident of the Parish of Desoto, State of Louisiana, who respectfully represents:

Defendant made herein are:

(1) **JAYSON RICHARDSON:** upon information and belief, a person of full age of majority and a resident of the Parish of Desoto, State of Louisiana sued individually and in his official capacity as the duly elected Sheriff of Desoto Parish, who can be served at his place of employment, the Desoto Parish Sheriff's Office at 205 Franklin Street, Mansfield, Louisiana 71052. He is and was at all pertinent times the Sheriff of Desoto Parish and Desoto Parish's chief law enforcement officer, policymaker and/or decisionmaker regarding law enforcement training, supervision, rules and procedures. He also at all pertinent times acted as supervisor

    to all other Desoto Parish's Office named defendants, all of whom were at all pertinent times his subordinates;

(2)  **WILLIAM BATES** upon information and belief, a person of full age of majority and a resident of the Parish of Desoto, State of Louisiana sued individually, who can be served at his place of employment, the Desoto Parish Sheriff's Office at 205 Franklin Street, Mansfield, Louisiana 71052. He was at all pertinent times a sworn deputy of the Desoto Parish Sheriff employed by the Desoto Parish Sheriff and was at all pertinent times acting under color of state law in performance of his duties and under color of the statutes, ordinances, regulations, policies, customs, and uses of the Desoto Parish Sheriff;

(3)  **KELBY PEARAH** upon information and belief, a person of full age of majority and a resident of the Parish of Desoto, State of Louisiana sued individually, who can be served at his place of employment, the Desoto Parish Sheriff's Office at205 Franklin Street, Mansfield, Louisiana 71052 . He was at all pertinent times a sworn deputy of the Desoto Parish Sheriff employed by the Desoto Parish Sheriff and was at all pertinent times acting under color of state law in performance of his duties and under color of the statutes, ordinances, regulations, policies, customs, and uses of the Desoto Parish Sheriff;

(4)  **RUSS JONES** upon information and belief, a person of full age of majority and a resident of the Parish of Desoto, State of Louisiana sued individually, who can be served at his place of employment, the Desoto Parish Sheriff's Office at 205 Franklin Street, Mansfield, Louisiana 71052. He was at all pertinent times a sworn deputy of the Desoto Parish Sheriff employed by the Desoto Parish Sheriff and was at all pertinent times acting under color of state law in performance of his duties and under color of the statutes, ordinances, regulations, policies, customs, and uses of the Desoto Parish Sheriff;

(5)  **PHILLIP PARKER** upon information and belief, a person of full age of majority and a resident of the Parish of Desoto, State of Louisiana sued individually, who can be served at his place of employment, the Desoto Parish Sheriff's Office at 205 Franklin Street, Mansfield, Louisiana 71052. He was at all pertinent times a sworn Sargent of the Desoto Parish Sheriff employed by the Desoto Parish Sheriff and was at all pertinent times acting under color of state law in performance of his duties and under color of the statutes, ordinances, regulations, policies, customs, and uses of the Desoto Parish Sheriff;

4.

The right of jury trial is herein requested under the Federal Rules of Civil Procedure.

5.

Defendants are indebted for the following:

On or about April 21, 2019, Plaintiff Christopher Fisk, met a childhood friend of his, Christopher Fitch, gave him a ride to supposedly get his things from around the Shreveport, Bossier City Area. They initially stopped by a house in Red River Parish. Mr. Fitch who was riding with the Plaintiff said that he was living at the residence with his child's mother, but they were splitting up and thus he needed to get his things and tools he used for work. Plaintiff helped him to put his things in the car which he proclaimed were his. They both left then, Mr. Fitch asked if they could go to the next town over in Mansfield to go to a place him and his brother had remodeled to show it to the Plaintiff. He wanted to get some of his things from there as well.

6.

Plaintiff agreed to take Mr. Fitch to those place as he himself had not been there and asked Mr. Fitch to direct him to the address. Plaintiff reached the spot where the said House was located, and Mr. Fitch asked the Plaintiff to part on a dirt road within the vicinity of that property. Plaintiff stayed in the car and Mr. Fitch went to get his stuff and after some time he called Plaintiff on his phone and told him that he wanted to show him something. Plaintiff came out of the car and went to see what Mr. Fitch had to show, who had a big box with him filled with certain things in it.

7.

Plaintiff then inquired as to what were the contents of the box which Mr. Fitch was holding onto, to which he tried to make up some story which seemed out of sorts to the Plaintiff who upon feeling uncomfortable in the situation decided to head back to his car and asked Mr. Fitch that if he wanted to head back home he could get in the car with him. All this while Plaintiff was uneasy with Mr. Fitch owing to the box which he was holding onto.

8.

Plaintiff and Mr. Fitch, while walking towards their vehicle noticed a deputy standing behind the truck so in order to avoid any confrontation with him, Plaintiff went into the woods and told Mr. Fitch that the cops were near the truck. Mr. Fitch upon hearing this ran-off and left the Plaintiff in the woods. Christopher Fisk, laid in the woods thinking that the cops were searching the vehicle as it was empty and was parked on a dirt road and he knew that owing to a warrant against him for child support, he did not want the cops to run his name in the database and thought that they would eventually leave.

9.

As plaintiff was witnessing all this, he saw other units showing up with drones, aviation and K9 unit around the parked vehicle. Plaintiff was laying on the ground under shade when the cops unleashed the dogs (K-9 dog unit). Their dog bit Mr. Fisk four times, viciously without warning and any provocation. Plaintiff was viciously attacked by the dog and the cops beat him up while the dog continued biting the Plaintiff. Mr. Fisk pleaded before the cops that he was not resisting band they should call-off the dogs as they were grievously injuring him and causing unbearable pain. The dogs left 8-9 screw size holes on the front of his shin but the worst injury was sustained to the back right calve from the bottom of it to the back of his ankle were ripped and mauled as they tore through the tendons and ligaments. Plaintiff suspects that the injuries sustained might have permanently damaged his leg.

10.

At all times relevant hereto, Plaintiff never resisted the arrest, neither he possessed any firearms, nor did he pose any threat to the safety of others. In fact, Plaintiff was subject to gruesome act of abuse of power and excessive force which was uncalled for at that moment of time when the

incident took place. Plaintiff was also not made aware of his rights, no charges were read out to him, not even his name was mentioned to him while performing the arrest. Which shows the fact that the officers considered the action to be a fun-sport.

11.

As a direct and proximate result of the said incident by the defendants, plaintiff, Christopher Fisk, suffered the following injuries and damages; including but not limited to:

a) Unlawful arrest and/or detention;

b) False Imprisonment;

c) Malicious prosecution;

d) Excessive Force;

e) Assault and battery;

f) Mental anguish, and emotional pain and suffering;

g) Medical bills, past, present and future;

h) Attorney's fees pursuant to 42 U.S.C. § 1988;

i) Economic damages;

j) Loss wages, past, present and future;

k) Loss of earning capacity;

l) Emotional trauma and suffering; and

m) Punitive damages against Jayson Richardson in his individual capacity;

n) Punitive damages against William Bates in his individual capacity;

o) Punitive damages against Kelby Pearah in his individual capacity;

p) Punitive damages against Russ Jones in his individual capacity; and

q) Punitive damages against Phillip Parker in his individual capacity.

12.

The actions of the defendants violated the following, clearly established and well-settled federal and state constitutional rights of Christopher Fisk to be:

(a) Free from unlawful arrest, detention and seizures; and

(b) Freedom from unreasonable and excessive force.

13.

The incident described herein above was caused due to the fault and/or negligence of Defendants, Sheriff Jayson Richardson, Deputies William Bates, Kelby Pearah, Russ Jones and Sgt. Phillip Parker in connection with the injuries caused to Christopher Fisk.

## COUNT ONE:

**Unlawful Arrest or Detention - 42 U.S.C. § 1983 and the Fourth Amendment**

14.

Plaintiff incorporates by reference all allegations in the foregoing paragraphs.

15.

The Fourth Amendment to the U.S. Constitution protects an individual's right to be free from unreasonable seizures.

16.

Defendants, William Bates, Kelby Pearah, Russ Jones and Sgt. Phillip Parker, under the supervision of Sheriff Jayson Richardson, and at his behest, and in accordance with the policies of the Desoto Parish Sheriff, arrested or detained Christopher Fisk without probable cause of any criminal wrongdoing as described in the foregoing paragraphs.

17.

If it was a detention that occurred, the detention was objectively unreasonable under the circumstances and was not based on reasonable suspicion supported by articulable facts that criminal activity was occurring.

18.

If an arrest occurred, it was objectively unreasonable under the circumstances and was not based on probable cause.

19.

The actions of William Bates, violated Christopher Fisk's clearly established constitutional rights. At all times relevant, William Bates acted under color of state law and is liable pursuant to 42 U.S.C. § 1983. William Bates's actions were intentional, malicious, and reckless and showed a callous disregard for Christopher Fisk's rights.

20.

The actions of Kelby Pearah, violated Christopher Fisk's clearly established constitutional rights. At all times relevant, Kelby Pearah acted under color of state law and is liable pursuant to 42 U.S.C. § 1983. Kelby Pearah's actions were intentional, malicious, and reckless and showed a callous disregard for Christopher Fisk's rights.

21.

The actions of Russ Jones violated Christopher Fisk's clearly established constitutional rights. At all times relevant, Russ Jones acted under color of state law and is liable pursuant to 42 U.S.C. § 1983. Russ Jones's actions were intentional, malicious, and reckless and showed a callous disregard for Christopher Fisk's rights.

22.

The actions of Phillip Parker violated Christopher Fisk's clearly established constitutional rights. At all times relevant, Phillip Parker acted under color of state law and is liable pursuant to 42 U.S.C. § 1983. Phillip Parker's actions were intentional, malicious, and reckless and showed a callous disregard for Christopher Fisk's rights.

23.

Plaintiff suffered harm as a result of these actions.

24.

William Bates's actions directly and proximately caused Christopher Fisk to suffer significant physical and psychological injuries. Accordingly, William Bates is liable to Christopher Fisk for compensatory and exemplary/punitive damages.

25.

Kelby Pearah's actions directly and proximately caused Christopher Fisk to suffer significant physical and psychological injuries. Accordingly, Kelby Pearah is liable to Christopher Fisk for compensatory and exemplary/punitive damages.

26.

Russ Jones's actions directly and proximately caused Christopher Fisk to suffer significant physical and psychological injuries. Accordingly, Russ Jones is liable to Christopher Fisk for compensatory and exemplary/punitive damages.

27.

Phillip Parker's actions directly and proximately caused Christopher Fisk to suffer significant physical and psychological injuries. Accordingly, Phillip Parker is liable to Christopher Fisk for compensatory and exemplary/punitive damages.

## COUNT TWO:

**Excessive Force - 42 U.S.C. § 1983 and the Fourteenth Amendment**

28.

Plaintiff incorporates by reference all allegations in the foregoing paragraphs.

29.

The Fourteenth Amendment to the U.S. Constitution protects an individual's right to be free from unreasonable and excessive force.

30.

At all times material herein, the amount of force used upon Christopher Fisk by William Bates, Kelby Pearah, Russ Jones and Phillip Parker was unjustified, unreasonable and excessive under the circumstances.

## COUNT THREE:

**Abuse of Process - 42 U.S.C. § 1983 and the Fourth Amendment**

31.

Plaintiff incorporates by reference all allegations in the foregoing paragraphs.

32.

Defendants engaged in the extortionate perversion of lawfully initiated process to illegitimate ends in that they procured a prosecution against Plaintiff knowing he is innocent of the charged crime. They initiated the charges to somehow justify their own unlawful actions.

33.

Specifically, William Bates, Kelby Pearah, Russ Jones and Phillip Parker, under the direct supervision of Jayson Richardson and at his behest, and in accordance with the policies of the Desoto Parish Sheriff, charged Plaintiff with a crime of which they know he is innocent and they only did so to justify their actions and to punish him for his lawful conduct.

34.

Plaintiff suffered harm as a result.

## COUNT FOUR :

## LOUISIANA CIVIL CODE ARTICLE 2315

35.

Plaintiff repeats and re-alleges the allegations in all the proceeding paragraphs as if set forth fully herein.

36.

The injuries of Christopher Fisk are a result of the sole, combined and/or solidary fault, vicarious liability, strict liability and/or negligence of Defendants and/or joint tortfeasor(s) and/or his/its/their or as principal(s), employer(s), agent(s), representative(s), servant(s), employee(s), associate(s), parent(s), subsidiary(ies), lessor(s), lessee(s), insured(s) and/or insurer(s) in violation of La. Civil Code Art. 2315. As a result of the sole, combined and/or solidary fault, vicarious liability, strict liability and/or negligence of Defendants, Christopher Fisk, suffered general and/or special and/or punitive damages, including but not limited to physical pain and suffering, mental anguish and/or distress, great inconvenience, frustration, fear, embarrassment, humiliation, loss of

enjoyment of life and society, and other damages that will be shown at the trial hereof.

## COUNT FIVE: ASSAULT AND BATTERY

37.

Plaintiff incorporates by reference all allegations in the foregoing paragraphs.

38.

Defendants assaulted and battered Plaintiff Christopher Fisk.

39.

As a result of the assault and battery, plaintiff, Christopher Fisk suffered damages as aforesaid.

**WHEREFORE**, complainant, Christopher Fisk, prays that this Complaint be filed; that a jury trial be had as to the issues triable by jury; that compensatory damages, including, but not limited to, past, present and future mental anguish against defendants, individually and *in solido; punitive damages, individually,* that she be awarded monetary damages against defendants, individually and *in solido*; that attorneys' fees be awarded unto complainant; that all costs of these proceedings be assessed against defendants, individually, jointly and *in solido;* and for any and all other relief this Honorable Court deems just and proper in the premises.

Respectfully submitted:

**L. CLAYTON BURGESS, A P.L.C.**
605 W. Congress Street
Lafayette, Louisiana 70501
Telephone: (337) 234-7573
Facsimile: (337) 233-3890

s/ L. Clayton Burgess
**L. CLAYTON BURGESS** (22979)
*Attorney for Plaintiff*