## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| **CHRISTOPHER FISK** | **CIVIL ACTION NO. 5:20-CV-00499** |
| **VERSUS** | **JUDGE HICKS** |
| **JAYSON RICHARDSON, ET AL** | **MAGISTRATE JUDGE HORNSBY** |

### ANSWER TO COMPLAINT

NOW INTO COURT, through undersigned counsel, come defendants, De Soto Parish Sheriff Jayson Richardson, Deputy William Bates, Deputy Kelby Pearah, Deputy Russ Jones, and Sergeant Phillip Parker, who, in response to the Complaint filed by plaintiff, deny each and every paragraph unless specifically admitted herein, and further show:

### I.     FIRST DEFENSE

The Complaint fails to state a claim against defendants upon which relief can be granted.

### II.     SECOND DEFENSE

This Court is without jurisdiction over the claims asserted by plaintiff in that the Complaint fails to state a proper claim for relief against defendants under the Constitution of the United States, or pursuant to 42 U.S.C. § 1983.

### III.     THIRD DEFENSE

Defendants deny conducting themselves in any form or manner which was a violation of Christopher Fisk's civil rights; defendants deny ever having subjected Christopher Fisk or having caused him to be subjected to a deprivation or violation of any constitutional or protected right, privilege, immunity, or law; defendants specifically deny any indebtedness unto plaintiff for any damages, be they actual, compensatory or punitive in any form or fashion.

## IV. FOURTH DEFENSE

At all times pertinent hereto, defendants conducted themselves lawfully, reasonably, and within the powers and rights of their office.

## V. FIFTH DEFENSE

Defendants are entitled to Qualified Immunity. Defendants were objectively reasonable and did not violate any clearly established law of which defendants knew or should have known. A reasonable officer could have believed defendants' conduct to be lawful.

## VI. SIXTH DEFENSE

Plaintiff's claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

## VII. SEVENTH DEFENSE

Defendants deny any allegations, claims, contentions, and conclusions set forth by Plaintiff in the individual paragraphs of the Complaint, except as expressly hereinafter admitted, and to the individual paragraphs of Complaint, defendants respond:

1.

The allegations of paragraph 1 of plaintiff's Complaint state a legal conclusion and therefore require no response. To the extent a response is required, the allegations are denied.

2.

The allegations of paragraph 1 of plaintiff's Complaint state a legal conclusion and therefore require no response. To the extent a response is required, the allegations are denied.

3.

It is admitted that Christopher Fisk is a plaintiff herein and has named Sheriff Jayson Richardson in his individual and official capacities and Deputies William Bates, Kelby Pearah, Russ Jones, and Phillip Parker in their individual capacities as defendants; otherwise, the

allegations of paragraph 3 of the Complaint are denied as written and for lack of sufficient information to justify a belief therein.

4.

The allegations of paragraph 4 of plaintiff's Complaint do not state factual allegations; therefore, no response is required. To the extent a response is required, the allegations are denied.

5.

The allegations of paragraph 5 of the Complaint are denied and denied for a lack of sufficient information to justify a belief therein.

6.

The allegations of paragraph 6 of the Complaint are denied for a lack of sufficient information to justify a belief therein.

7.

The allegations of paragraph 7 of the Complaint are denied for a lack of sufficient information to justify a belief therein.

8.

It is admitted that plaintiff intentionally attempted to evade and hide from law enforcement officers; otherwise, the allegations of paragraph 8 of the Complaint are denied for a lack of sufficient information to justify a belief therein.

9.

The allegations of paragraph 9 of the Complaint are denied.

10.

The allegations of paragraph 10 of the Complaint are denied.

11.

The allegations of paragraph 11 of the Complaint are denied.

12.

The allegations of paragraph 12 of the Complaint are denied.

13.

The allegations of paragraph 13 of the Complaint are denied.

14.

The allegations of paragraph 14 of the Complaint require no response, as this paragraph simply incorporates by reference previous allegations of the Complaint. To the extent a response is required, Defendants incorporate by reference their responses to the Complaint's prior allegations.

15.

The allegations of paragraph 15 of the Complaint state a legal conclusion and require no response.

16.

The allegations of paragraph 16 of the Complaint are denied.

17.

The allegations of paragraph 17 of the Complaint are denied.

18.

The allegations of paragraph 18 of the Complaint are denied.

19.

The allegations of paragraph 19 of the Complaint are denied.

20.

The allegations of paragraph 20 of the Complaint are denied.

21.

The allegations of paragraph 21 of the Complaint are denied.

22.

The allegations of paragraph 22 of the Complaint are denied.

23.

The allegations of paragraph 23 of the Complaint are denied.

24.

The allegations of paragraph 24 of the Complaint are denied.

25.

The allegations of paragraph 25 of the Complaint are denied.

26.

The allegations of paragraph 26 of the Complaint are denied.

27.

The allegations of paragraph 27 of the Complaint are denied.

28.

The allegations of paragraph 28 of the Complaint require no response, as this paragraph simply incorporates by reference previous allegations of the Complaint. To the extent a response is required, Defendants incorporate by reference their responses to the Complaint's prior allegations.

29.

The allegations of paragraph 29 of the Complaint state a legal conclusion and require no response.

30.

The allegations of paragraph 30 of the Complaint are denied.

31.

The allegations of paragraph 31 of the Complaint require no response, as this paragraph simply incorporates by reference previous allegations of the Complaint. To the extent a response is required, Defendants incorporate by reference their responses to the Complaint's prior allegations.

32.

The allegations of paragraph 32 of the Complaint are denied.

33.

The allegations of paragraph 33 of the Complaint are denied.

34.

The allegations of paragraph 34 of the Complaint are denied.

35.

The allegations of paragraph 35 of the Complaint require no response, as this paragraph simply incorporates by reference previous allegations of the Complaint. To the extent a response is required, Defendants incorporate by reference their responses to the Complaint's prior allegations.

36.

The allegations of paragraph 36 of the Complaint are denied.

37.

The allegations of paragraph 37 of the Complaint require no response, as this paragraph simply incorporates by reference previous allegations of the Complaint. To the extent a response is required, Defendants incorporate by reference their responses to the Complaint's prior allegations.

38.

The allegations of paragraph 38 of the Complaint are denied.

39.

The allegations of paragraph 39 of the Complaint are denied.

40.

The allegations in the unnumbered final paragraph of Plaintiff's Complaint are legal conclusions and do not require a response. To the extent a response is required, the allegations are denied.

41.

AND NOW, FURTHER ANSWERING, DEFENDANTS SHOW:

42.

If the Court should find the incident in question to have resulted from some fault on the part of defendants herein, defendants show that the fault of Plaintiff Christopher Fisk and/or fault attributable to Plaintiff Christopher Fisk contributed directly to his injuries, if any; accordingly, Plaintiff's recovery, if any, should be precluded or reduced in proportion to the degree of fault attributable to Plaintiff in accordance with law.

43.

Further, any injury or damages to Plaintiff Christopher Fisk were the result of actions, conduct, negligence, and/or fault of parties, third parties, persons other than defendants, or conditions over whom/which defendants had no authority nor control and for whom/which defendants had no responsibility, and therefore, plaintiff's recovery, if any, should be precluded or reduced accordingly.

44.

Defendants assert that Plaintiff failed to mitigate his damages, if any. To the extent Plaintiff failed to mitigate damages, any recovery sought herein should be precluded or reduced.

45.

Plaintiff is not entitled to legal interest or punitive or exemplary damages.

46.

Defendants are entitled to good faith immunity. All action or inaction herein was done in good faith, without malice, and under laws believed to be constitutional. Under the circumstances, defendants' conduct was reasonable, justified, and legally permissible.

47.

Defendants plead all limitations of liability, interest, and costs as recognized by law and as set forth in Louisiana Statutes, including but not limited to La. R.S. 9:2798.1 and 13:5101 *et seq*.

48.

Defendants request attorney fees pursuant to 42 U.S.C. §1988.

49.

Defendants request a trial by jury.

WHEREFORE, DEFENDANTS, SHERIFF JAYSON RICHARDSON, DEPUTY WILLIAM BATES, DEPUTY KELBY PEARAH, DEPUTY RUSS JONES, AND SERGEANT PHILLIP PARKER PRAY that the above and foregoing answer be deemed sufficient and after all due proceedings are had, there be judgment in favor of defendants and against plaintiff rejecting plaintiff's demands with prejudice at plaintiff's sole cost.

>COOK, YANCEY, KING & GALLOWAY
>A Professional Law Corporation
>
>By: /s/ James R. Sterritt
>    James R. Sterritt, #18447
>    Gregg A. Wilkes, #20419
>    Jason B. Nichols, #28704
>    James Ashby Davis, #37653
>333 Texas Street, Suite 1800
>P. O. Box 22260
>Shreveport, LA 71120-2260
>Telephone: (318) 221-6277
>Telecopier: (318) 227-7850
>james.sterritt@cookyancey.com
>gregg.wilkes@cookyancey.com
>jason.nichols@cookyancey.com
>ashby.davis@cookyancey.com
>ATTORNEYS FOR DEFENDANTS, SHERIFF JAYSON RICHARDSON, DEPUTY WILLIAM BATES, DEPUTY KELBY PEARAH, DEPUTY RUSS JONES, AND SERGEANT PHILLIP PARKER

## **CERTIFICATE**

I hereby certify that a copy of the foregoing Answer was filed electronically with the Clerk of Court using the CM/ECF system, with notice being sent by operation of the court's electronic filing system.

Shreveport, Louisiana, this 16th day of July, 2020.

                                                            /s/ James R. Sterritt
                                                          OF COUNSEL